# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:18-cv-61120-JIC

HOWARD MICHAEL CAPLAN,

       Plaintiff,

       vs.

ALL AMERICAN AUTO COLLISION, INC.,
a Florida Profit Corporation and DORTA
INVESTMENTS, LLC, a Florida Limited
Liability Company

       Defendants.

_____/

## PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT, DORTA INVESTMENTS, LLC

Please respond by answering on this document (if any answer needs to be qualified. Please list the number of the request and set forth any qualification to your answer).

**ADMIT    DENY**

1. Admit or deny that the provisions of the Americans with Disabilities Act and certain of the Federal Regulations enacting the ADA, 28 C.F.R. Part 36, apply in this action.

2. Admit or deny that the removal of any barriers to access on Defendant's property would not create an undue hardship on the Defendant

3. Admit or deny that the Defendant is the owner/operator lessor or leases from the owner of the place of public accommodation described in the complaint.

4. Admit or deny that the Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act.

5. Admit or deny that the removal of any barriers to Access on Defendant's property is readily

achievable.

   6.   Admit or deny that the removal of any barriers to access to Defendant's property is technically feasible.   *unknown*

*re some admit to some*

   7.   Admit or deny that the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

   8.   Admit or deny that the last application for a building permit or permit extension in regard to the initial construction of the subject property was certified or complete by a State, County or Local Government after January 26, 1992.

   9.   Admit or deny that the removal of any barriers to Defendant's property is required.

   10. Admit or deny that the First Certificate of occupancy for the subject property was issued after January 26, 1992.